**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TAHA ELEIWA,

                      Plaintiff,

        v.

J. LEGGINS,

                    Defendant.

Civil Action No. 25-12065 (JXN)(LDW)

**OPINION**

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Taha Eleiwa's ("Plaintiff") civil rights Complaint ("Complaint") filed pursuant to 42 U.S.C. § 1983 (ECF No. 1), and an application to proceed *in forma pauperis* (ECF No. 7). The Court grants Plaintiff leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint. The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted.

I.      **BACKGROUND**[1]

Plaintiff, an inmate currently confined in Northern State Prison in Newark, New Jersey, filed a Complaint in this matter. (ECF No. 1.) The facts alleged took place when Plaintiff was

---

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

confined in Bayside State Prison, in Leesburg, New Jersey. (*See id.* at 3-5.) The Complaint raises

claims against Defendant Correctional Officer J. Leggins ("Defendant"). (*Id.* at 3.) The Court

construes the Complaint as raising the following claims: (1) Fourteenth Amendment due process;

(2) First Amendment right to free exercise of religion; (3) Eighth Amendment deliberate

indifference to medical needs; and (4) Verbal Harassment. (*See id.* at 3-5.)

According to the Complaint, on November 20, 2024, Defendant wrote a "false misleading

statement of a charge report" against Plaintiff. (*Id.* at 4.) The following day, a hearing officer found

Plaintiff not guilty and released him from lockup. (*Id.*) Plaintiff submits that during an inventory

of Plaintiff's property, Defendant threw Plaintiff's "religious book (Quran) and [] prayer rug" in

the garbage. (*Id.*) Plaintiff alleges that Defendant also refused to open Plaintiff's cell for Plaintiff

to receive his medication on the morning of November 20, 2024. (*Id.*) Finally, the Complaint

submits that Defendant threatened she "would have other officers come in [Plaintiff's] cell and

assault [him] if [he did not] leave Bayside." (*Id.* at 5.) Plaintiff seeks monetary damages. (*Id.*)

## II.   STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in*

*forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee

or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is

frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks

monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B),

1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to

Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012);

*Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.    DISCUSSION

In the Complaint, Plaintiff alleges Defendant is liable to him under 42 U.S.C. § 1983 because Defendant violated his constitutional rights. (*See generally* ECF No. 1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Here, the Court construes Plaintiff's Complaint to allege claims for relief against Defendant Corrections Officer Leggins.

### A.  Failure to State a Claim

#### 1.  Fourteenth Amendment Due Process Claim

Plaintiff alleges the Defendant Leggins issued a "false misleading statement of a charge report" against Plaintiff, "just to put him in lock up." (ECF No. 1 at 4.) Plaintiff claims that a hearing officer found him not guilty and released him from lock-up the following day. (*Id.*) The Court construes the Complaint as raising a Fourteenth Amendment due process clause claim against Defendant Leggins.

The filing of false disciplinary charges "does not itself violate a prisoner's constitutional rights, so long as procedural due process protections were provided." *See Richardson v. Sherrer*, 344 F. App'x 755, 757 (3d Cir. 2009). "Due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports." *Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012). More specifically, a convicted prisoner cannot state a claim based on the filing of false disciplinary charges against him where he has received a hearing

where he could rebut the charges. *See*, *e.g.*, *Talley v. Griesmer*, No. 19-3796, 2023 WL 3002742, at *2 (3d Cir. Apr. 19, 2023) (per curiam) ("The filing of false disciplinary charges does not violate the Constitution as long as the inmate was granted a hearing and an opportunity to rebut the charges.")

The Complaint fails to state a plausible Fourteenth Amendment due process claim against Defendant. Plaintiff submits that he received a hearing before a hearing officer. (ECF No. 1 at 4.) As the allegations in the Complaint indicate that Plaintiff received some level of procedural protection, Plaintiff does not plead a plausible Fourteenth Amendment claim. Accordingly, the Fourteenth Amendment due process claim against Defendant will be dismissed without prejudice for failure to state a claim under § 1915A(b)(1).

2. First Amendment Right to Free Exercise of Religion

Plaintiff appears to raise a First Amendment free exercise of religion claim. (ECF No. 1 at 4.) Plaintiff claims that while Defendant was doing an inventory of Plaintiff's property, Defendant threw Plaintiff's "religious book (Quran)" and his prayer rug in the trash (*Id.*)

"Inmates clearly retain protections afforded by the First Amendment, . . . including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). "Nevertheless, the fact of incarceration and the valid penological objectives of deterrence of crime, rehabilitation of prisoners, and institutional security justify limitations on the exercise of constitutional rights by inmates." *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000). Only beliefs which are (1) sincerely held, and (2) religious in nature are entitled to constitutional protection. *See Wisconsin v. Yoder*, 406 U.S. 205, 215–19 (1972); *DeHart*, 227 F.3d at 51. Once a prisoner-plaintiff has established that they have a sincerely held religious belief, they must demonstrate that the challenged prison practice or policy (which allegedly infringes on that

religious belief) is not reasonably related to penological interests under the factors set forth in *Turner v. Safley*, 482 U.S. 78 (1987). *See DeHart*, 227 F.3d at 51. The *Turner* analysis aims to balance the constitutional rights of prisoners with the "security, rehabilitation, and administrative concerns" of prisons. *See id.*

Plaintiff is required to allege that he has sincerely held religious beliefs, which he has not done in the Complaint. Moreover, Plaintiff has not alleged that a prison practice or policy impermissibly infringed on his religious beliefs, as he has not alleged that the confiscation of his religious book and prayer rug was not reasonably related to a legitimate penological interest. Accordingly, Plaintiff's free exercise claim is dismissed without prejudice for failure to state a claim.

### 3. Eighth Amendment Deliberate Indifference

Plaintiff alleges that on the morning of November 20, 2024, Defendant refused to open Plaintiff's cell door for Plaintiff to receive his medication. (ECF No. 1 at 4.)

To state a claim under 42 U.S.C. § 1983 for the denial of medical care in violation of the Eighth Amendment, a plaintiff must establish that a defendant acting under color of state law showed deliberate indifference to his serious medical needs. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference requires proof that the defendant "knows of and disregards an excessive risk to inmate health or safely," *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003)(quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)), which constitutes "unnecessary and wanton infliction of pain," *Estelle*, 429 U.S. at 104. A plaintiff can state a claim under the Eighth Amendment by alleging (1) a serious medical need; (2) that the defendant was deliberately indifferent to that need; and (3) that the

deliberate indifference caused harm to the plaintiff. *See Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023).

Here, Plaintiff alleges only that Defendant did not open Plaintiff's cell for Plaintiff to receive his medication. Plaintiff is required to allege facts that he had a serious medical need. The Complaint contains no facts showing Defendant was aware of Plaintiff's medical needs or that Defendant disregarded an excessive risk to Plaintiff's health. Accordingly, the Eighth Amendment deliberate indifference claim against Defendant will be dismissed without prejudice for failure to state a claim under § 1915A(b)(1).

4. Verbal Harassment

Plaintiff alleges that Defendant threatened to have other officers enter Plaintiff's cell and assault him if Plaintiff did not leave Bayside State Prison. (ECF No. 1 at 5.)

Threats of bodily harm do not state a § 1983 claim because verbal threats or taunts, without more, are insufficient to violate the Constitution. *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (holding that threats that inmate was a "marked man and that his days were numbered" did not state Eighth Amendment claim); *Smith v. Mun. of Lycoming Cnty.*, 335 F. App'x 147, 150 (3d Cir. 2009) ("Mere verbal harassment or abuse . . . is not a civil rights violation." (citation omitted)); *Anderson v. DaCosta*, No. 10-5835 PGS, 2011 WL 2223713, at *21 (D.N.J. June 1, 2011) ("[V]erbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983. . . .") (collecting cases). "However, words accompanied by physically intrusive behavior may amount to a constitutional violation." *Begnoche v. DeRose*, 676 F. App'x 117, 122 (3d Cir. 2017) (unpublished).

Plaintiff does not allege that the verbal threats resulted in any physical harm. As such, he does not state a plausible Section 1983 claim, and this will be dismissed without prejudice. *See*,

*e.g.*, *Sears v. McCoy*, 815 F. App'x 668, 670 (3d Cir. 2020) (holding that dismissal at screening of Plaintiff's verbal harassment claim was proper and noting that "[a] prisoner's allegations of verbal harassment, unaccompanied by another injury, are not cognizable under § 1983").

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 7) is **GRANTED**. The Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. The Court provides Plaintiff thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

**DATED**: November 4, 2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge